IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MATTHEW MELVER, ) | |
| ) | Case No. 1:13-CV-20528 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Kathleen M. Williams |
| ) | |
| CHECK 'N GO OF FLORIDA, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Defendant, Check 'N Go of Florida, Inc., by and through its undersigned counsel and pursuant to Local Rule 7.1(c), hereby submits its Reply Memorandum in Support of its Motion to Compel Arbitration and Stay Proceedings.

**I.      Plaintiff's Claims Should Be Immediately Referred to Arbitration.**

Plaintiff's employment as a cashier was terminated by Defendant following multiple cash handling violations. Thereafter, Plaintiff filed this action claiming Defendant failed to properly compensate him under the Fair Labor Standards Act (FLSA) and retaliated against him in violation of the Florida Whistleblower Act (FWBA). Defendant denies the merit of either claim and will defend itself against Plaintiff's allegations. However, that defense, as well as Plaintiff's assertion of his claims, must take place in arbitration in accordance with the arbitration agreement entered into between the parties.

Since there is a general federal policy favoring arbitration, plaintiffs seeking to avoid arbitration "<u>must unequivocally deny</u> that an agreement to arbitrate was reached <u>and must offer evidence to substantiate the denial</u>. See *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817 (11th

Cir. 1993) (emphasis added); *Sierra v. Isdell*, NO. 609CV124-ORL-19KRS, 2009 WL 2179127 (M.D. Fla., Jul. 21, 2009) (citing *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 855 (11th Cir. 1992) (emphasis added)).  In Plaintiff's response to Defendant's motion and attached affidavit, Plaintiff's denial is neither unequivocal nor credible, and he has not provided any evidence to substantiate the denial.  Further, Plaintiff's vague public policy argument against arbitration in this case is contrary to long-settled binding case law.  Plaintiff should therefore be ordered to arbitration.

## II.     Plaintiff Entered Into A Binding Arbitration Agreement.

### A.     Plaintiff Electronically Signed the Dispute Resolution Agreement with Defendant.

While Plaintiff recognizes that electronic signatures are a valid means of executing arbitration agreements, Plaintiff challenges the authenticity of the Dispute Resolution Agreement submitted by Defendant, claiming: (1) he does not "remember entering into a dispute resolution agreement" and "did not sign any dispute resolution agreement to the best of [his] knowledge and belief" (Melver Dec. ¶3) and (2) the initials of Plaintiff on the Dispute Resolution Agreement are only typed letters. (Melver Dec. ¶5)  Defendant's Dispute Resolution Agreement is a document that is part of Defendant's new hire paperwork, completed through an electronic onboarding system.

First, Plaintiff's lack of recall of electronically signing the arbitration agreement does not constitute an unequivocal denial that an agreement to arbitrate was reached with Defendant.  See e.g., *Chastain v. Robinson-Humphrey Co., Inc.,* 957 F.2d 851, 855 (11th Cir. 1992) ("A party cannot place the making of the arbitration agreement in issue simply by opining that no agreement exists.").  The fact that Plaintiff now claims lack of recollection is insufficient to challenge the arbitration agreement.  Nonetheless, Defendant herewith submits additional

evidence – well beyond the electronic typed initials of Plaintiff -- to establish the authenticity and that Plaintiff in fact electronically agreed to the Dispute Resolution Agreement.

### i. Plaintiff Input Personal Information Only Known by Plaintiff During Electronic Onboarding.

The security procedures for Defendant's electronic onboarding are sufficient to authenticate Plaintiff's agreement to the Dispute Resolution Agreement. Check 'N Go of Florida allows its employees to complete new hire paperwork online, in a fashion that is secure from third parties. (See Chatman Declaration attached hereto) The verification process is as follows:

- When an employee is hired by Check N' Go of Florida, a Human Resource representative initiates onboarding by accessing the employee record created by the employee during the pre-employment process. The employee must enter their first name, last name, date of birth, and social security number. Once submitted by the employee the record is assigned a system generated unique Web Log in ID. The HR Representative locates the employee record by entering the employee's name and verifying the social security number provided by the employee. (Chatman Dec. ¶5, Ex. A)

- Next, the newly hired employee is directed to a secure link to complete the employee's new hire paperwork. Once on the website, in order to access the new hire paperwork and validate the individual's electronic signature, the new employee must enter the unique Web Login ID and create a password. The new employee will then enter the employee's Web Login ID and Password a second time. In addition, the employee views and validates their personal data and social security number again before gaining access to the new hire paperwork. (Chatman Dec. ¶¶6-7, Ex. B)

- These measures are in place to ensure the security of the system. If the employee does not accurately enter any of the above-referenced information, the employee will not be allowed to view the new hire paperwork. Once an employee is able to access the first page of the new hire paperwork, the employee cannot move to a new document without electronically signing or submitting the current document. (Chatman Dec. ¶¶8, 10)

- Once the employee signs and submits all of the documents of the electronic onboarding new hire paperwork and an HR Representative audits the paperwork for accuracy and completeness, the system creates the electronic new hire record. If an employee has not completed all of the new hire paperwork, the employee will not be "Clear to Start" and will be listed as incomplete. The HR

>Representative will notify the employee of the incomplete packet via email. (Chatman Dec. ¶11, Ex. F)

These measures satisfy the requirements necessary to establish authenticity. In addition, the functionality of the system does not support Plaintiff's incredible claim that he did not execute the document. As set forth above, during the electronic onboarding process, Plaintiff completed forms wherein he provided his social security and other personal information. As Plaintiff was the only individual possessing all the information provided during the electronic onboarding, then clearly he is the only one that could have completed it.

### ii. Named Plaintiff Signed The Dispute Resolution Agreement During Electronic Onboarding.

At the time Plaintiff was hired, the electronic new hire paperwork included a Dispute Resolution Agreement. An employee completing new hire paperwork during electronic onboarding cannot move to the next document without electronically signing or submitting the current document. <u>The Dispute Resolution Agreement must be signed, it cannot be skipped</u>. (Chatman ¶12). In fact, the employee must electronically initial every page of the Agreement before proceeding to the next. (Chatman Dec. ¶10, Ex. C) An employee signs the document by clicking on a button at the bottom of the page that states "E Sign and Submit Form." When this button is clicked, an Acknowledgement Form window appears and requires the employee to re-enter their First Name, Last Name, Username (the unique Web Login ID), the password created by the employee, and current date. (Chatman Dec. ¶10, Exs. D, E)

Defendant's system records confirm that Plaintiff electronically completed, signed and submitted the Dispute Resolution Agreement. (Chatman Dec. ¶12, Exs. G and H)

The foregoing facts lead to the inevitable conclusion that, although he may not "recall" doing so, Plaintiff did, in fact, electronically execute the Dispute Resolution Agreement included

in the electronic new hire paperwork. Defendant's evidence of the electronic signing of the documents, the functionality of the system, and the completion of the forms and the employee information provided during electronic on-boarding, show that Plaintiff was the only individual in possession of all the information required to complete all of the onboarding documents.

For all the foregoing reasons, the Court should find that Plaintiff electronically signed his Dispute Resolution Agreement, and grant Defendant's Motion to Compel Arbitration and Stay Proceedings.

**III.     The Dispute Resolution Agreement Comports with Public Policy.**

Plaintiff cannot deny that the Eleventh Circuit and federal district courts in Florida have consistently enforced arbitration agreements to compel arbitration of employment statutory claims, including FLSA and FWBA claims. See e.g., *Lambert v. Austin Ind.*, 544 F. 3d 1192 (11th Cir. 2008); *Caley*, 428 F.3d at 1364 ("[C]ompulsory arbitration agreements are now common in the workplace, and it is not an unlawful employment practice to require an employee to arbitrate, rather than litigate, rights under various federal statutes, including employment discrimination statutes."); *Delano v. Mastec, Inc.,* No. 8:10-CV-320- T-27MAP, 2010 U.S. Dist. LEXIS 126793, at *9, n6 (M.D. Fla. Nov. 15, 2010) (citing *Sammons v. Sonic-North Cadillac, Inc.,* No. 6:07-cv-277-0r1-19DAB, 2007 U.S. Dist. LEXIS 57357, 2007 WL 2298032, at *4 (M.D. Fla. Aug. 7, 2007)) (recognizing the Eleventh Circuit's implicit approval of arbitration of FLSA claims); *Caley*, 428 F.3d at 1379 (affirming district court order compelling arbitration of FLSA overtime and retaliation claims); *Patricoff*, Case No. 6:05-cv-1769-Orl-31KRS at *7 (enforcing arbitration agreement and compelling arbitration of FWBA claim); *Brasington v. EMC Corp.*, 855 So. 2d 1212, 2003 Fla. App. LEXIS 15268 (App. First Dist. 2003) (compelling

arbitration of former employee's FCRA and FWBA claims).[1]  Plaintiff does not cite this Court to a single case to the contrary.

Here, the Dispute Resolution Agreement is completely mutual and provides Plaintiff a full opportunity to vindicate his rights in arbitration. *Musnick v. Ford Motor Company of Ft. Lauderdale*, 325 F.3d 1255 (11th Cir. 2003) (following *Green Tree*; the party seeking to avoid the arbitration agreement must show that the agreement would "'preclude' him from 'effectively vindicating [his] federal statutory rights in the arbitral forum.'").[2]  For all of these reasons, it should be enforced in this case.

## CONCLUSION

Plaintiff should not be allowed to avoid the consequences of the Dispute Resolution Agreement because he now views the arbitration agreement as disadvantageous.  Plaintiff's attempt to avoid arbitration is based solely on conclusory, unsupported, self-serving statements that he did not agree to arbitration because he does not remember doing so.  The functionality of the electronic onboarding system, as described above and in Defendant's supporting documentation reveals that Plaintiff did electronically sign the Dispute Resolution Agreement.  The electronic onboarding process was completed.  Information was provided during that process that no one else working for Defendant had knowledge of at the time the paperwork was completed.

---

[1] Unreported cases are included with Defendant's Motion to Compel Arbitration.

[2] Further, the Southern District of Florida has held: "[f]ederal courts confronted with motions to compel arbitration are only authorized to address issues relating to the making and performance of the agreement to arbitrate itself, not general challenges to the contract containing an arbitration clause as a whole." *Home Quality Management, Inc. v. Ace American Ins. Co.,* 381 F. Supp. 2d at 1366 (S.D. Fla. 2005) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395 (1967)). See also *Penberthy v. AT & T Wireless Services, Inc.,* 354 F. Supp. 2d 1323, 1327 (M.D. Fla. 2005) ("The limited gateway matters for consideration by a court are the validity of the arbitration clause or its applicability to a certain type of controversy.").

Similar attempts to avoid enforcement of an arbitration agreement have been repeatedly rejected by the 11th Circuit and the district courts in Florida.  See e.g., *Fremd v. Everglades College*, Case No. 12-80152 (S.D. Fla. June 22, 2012) (attached hereto); *Abdullah v. Am. Express Co.,* 2012 U.S. Dist. LEXIS 184592 (M.D. Fla. Dec. 19, 2012).  When the evidence provided is considered in light of the strong federal policy favoring arbitration, it is clear that Defendant's motion should be granted.  For all the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion to Compel Arbitration and Stay Proceedings.

>   Respectfully submitted,
>
>   s/ *Jill S. Kirila*
>   Jill S. Kirila FBN 0094267
>   SQUIRE SANDERS (US) LLP
>   200 South Biscayne Blvd., Suite 4100
>   Miami, Florida  33131
>   Telephone: (305) 577-7000
>   Facsimile:   (305) 577-7001
>   Email:  jill.kirila@squiresanders.com
>
>   Stephanie Griffin FBN 85019
>   1900 Phillips Point West
>   777 South Flagler Drive
>   West Palm Beach, Florida 33401
>   Telephone:  (561) 650-7200
>   Facsimile:  (561) 544-1509
>   Email: stephanie.griffin@squiresanders.com
>
>   Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system on the 15th day of April, 2013, which will send a notice of electronic filing to all counsel or parties of record on the Service List below.

    Dale J. Morgado, Esq.
    R. Edward Rosenberg, Esq.
    FELDMAN MORGADO, P.A.
    100 North Biscayne Blvd.
    29th Floor, Suite 2902
    Miami, Florida 33132

                                            s/ *Jill S. Kirila*
                                            One of the Attorneys for Defendant